**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**


**JOHN FREDERICK JAMES,**                          3:17-CV-00338-BR

       **Plaintiff,**                          OPINION AND ORDER

**v.**

**SAPA EXTRUSIONS NORTH
AMERICA,**

       **Defendant.**


**JOHN FREDERICK JAMES**
504 S.E. 103rd Ave.
Vancouver, WA 98664

       Plaintiff, *Pro Se*

**FRANCIS T. BARNWELL**
**MEGAN J. CROWHURST**
Bullard Law
200 S.W. Market Street
Suite 1900
Portland, OR 97201
(503) 248-1134

       Attorneys for Defendant

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Motion (#9) to Remand and Defendant's Rule of Civil Procedure 12(b)(1) and 12(b)(6)Motion (#16) to Dismiss.  For the reasons that follow, the Court **DENIES** Plaintiff's Motion to Remand, **GRANTS** Defendant's Motion to Dismiss, and **GRANTS** Plaintiff leave to file a Fourth Amended Complaint as set out in this Opinion and Order.

## BACKGROUND

On May 4, 2015, Defendant Sapa Profiles, Inc.,[1] hired Plaintiff John Frederick James as a general laborer in the coatings department of its Portland facility.

In his Third Amended Complaint Plaintiff alleges the following facts:

(1)   In July 2015 he reported to his manager and a co-worker that "the sweeper" batteries had not been changed even though the "green card sheet" stated they had been changed on June 18, 2015.

(2)   In August 2015 Plaintiff provided plans to co-workers to fix the spray booth that was over-spraying, and his coworkers "wadded [them] up and [threw] them away."

---

[1] In its Notice of Removal (#1) Defendant Sapa Profiles, Inc., points out that Plaintiff incorrectly named Defendant as Sapa Extrusions North America.  The Court, therefore, will refer to Defendant as Sapa Profiles, Inc., hereinafter.

(3)   On October 10, 2015, a coworker told Plaintiff not to
      come to work the following day.  When Plaintiff stated
      he planned to come to work the next day, his coworker
      responded:  "Boy, you are just looking to get hurt
      aren't you?"

(4)   On October 10, 2015, Plaintiff telephoned the warehouse
      manager, Sam Gress, about his coworker's comment but
      Gress did not meet with Plaintiff or return any more
      telephone calls from Plaintiff.

(5)   On October 11, 2015, when Plaintiff arrived at work,
      three coworkers met him in the parking lot and told
      him:  "I told you not to show up.", "What's it take a
      bad accident for you to get hurt or something before
      you realize no one wants you here?", and "Don't come
      back."

(6)   At some point Plaintiff contacted his union
      representative about the October 11, 2015, incident,
      and his representative suggested Plaintiff apply for
      unemployment compensation.

(7)   On October 23, 2015, Plaintiff received a letter from
      Defendant stating Plaintiff was "a voluntary quit"
      because he had missed three or more unreported days of
      work.

On July 18, 2016, Plaintiff filed a complaint with the

Oregon Bureau of Labor and Industries (BOLI) alleging he was
terminated for whistleblowing activities in violation of Oregon
Revised Statutes § 659A.199 and he was also subjected to a
hostile work environment.  Specifically, Plaintiff alleged he
reported to his manager and a lift driver in July 2015 that
(1) the batteries on "the sweeper" were in dangerous condition
and could explode at any time; (2) the maintenance log falsely
reflected the batteries for the sweeper had been replaced on
July 18, 2015; and (3) "the green card sheet" falsely reflected
maintenance had replaced "the blower motor."  Plaintiff also
alleged he was told by his work partner on October 10, 2015, that
Defendant would not need Plaintiff to report to work the
following day, and when Plaintiff stated he was going to come to
work anyway, his work partner responded:  "Man! You must want to
get hurt."  Plaintiff arrived for his shift on October 11, 2015,
and was threatened by three of Defendant's employees "in
retaliation for [his] earlier reports."  Defendant, however,
alleges Plaintiff was sent home because he was not scheduled to
work.  In mid-October 2015 Plaintiff met with his union
representative regarding his allegedly hostile work environment
and asked when he could return to work.  On October 23, 2015,
Plaintiff received a letter from Defendant in which Defendant
stated Plaintiff had voluntarily resigned because he had not been
to work since October 11, 2015.  Plaintiff did not file a

complaint with the Equal Employment Opportunity Commission (EEOC)
nor did BOLI cross-file Plaintiff's complaint with the EEOC.

On November 2, 2016, BOLI issued to Plaintiff a right-to-
sue letter in which it advised Plaintiff that he had "the right
to file a suit in state circuit court . . . within 90 days from
the date of this letter. After 90 days, this right will be
lost." Def.'s Mot. to Dismiss, Ex. B at 1.

On January 27, 2017, Plaintiff filed a *pro se* complaint
against Defendant in Multnomah County Circuit Court alleging
claims for employment discrimination in violation of Title VII,
42 U.S.C. § 2000e-(a); the NLRA, 29 U.S.C. § 157; Oregon Revised
Statutes §§ 243.672(1), 659A.030(1)(f), 659A.199, and 659A.200-
659A.236; and the Revised Code of Washington (RCW) §§ 49.60.210
and 41.56.140. Plaintiff served Defendant with the complaint on
January 30, 2017.[2]

On February 3, 2017, Plaintiff filed an amended complaint
in state court against Defendant to add facts to support his
claims. Plaintiff served his amended complaint on Defendants on
February 6, 2017.

On February 28, 2017, Defendant removed the matter to this
Court on the grounds of both federal-question and diversity

---

[2] Defendant states in its Notice of Removal that it appears
from the Multnomah County Circuit Court docket that Plaintiff
filed another complaint on January 29, 2017, but Plaintiff did
not serve that complaint on Defendant.

jurisdiction.  Defendant served Plaintiff with its Notice of
Removal on February 28, 2017.

On March 1, 2017, Plaintiff filed a motion for default in
state court.

On March 3, 2017, Plaintiff filed a third amended complaint
in state court.  Plaintiff did not serve the third amended
complaint on Defendant.  Nevertheless, Defendant attaches the
third amended complaint to its Notice of Removal and notes it
relies on the third amended complaint as the operative complaint
in the matter before this Court.  The Court, therefore, also
construes Plaintiff's third amended complaint as the operative
Complaint in this Court.

On March 17, 2017, Plaintiff filed in this Court a Motion to
Remand to State Court.

On April 4, 2017, Defendant filed a Motion to Dismiss.  The
Court took both Motions under advisement on May 2, 2017.


**PLAINTIFF'S MOTION (#9) TO REMAND TO STATE COURT**

In his Motion to Remand Plaintiff seeks an order remanding
this matter to state court.  Plaintiff concedes in his Motion
that this Court "would normally have had original jurisdiction
pursuant to 28 USC 1332(a)," but "the 'right to file suit' letter
that Plaintiff received from [BOLI] specifically stated that
plaintiff has the right to file in the State Circuit Court."

Pl.'s Mot. at 2.  Plaintiff also asserts Defendant removed the action "past the original 21 day statute for answer . . . [and] plaintiff never received an answer or notice of any type" that constituted a response to his state-court complaint.  Plaintiff, therefore, asserts Defendant removed the matter "in an attempt to avoid Plaintiff filing for Default."  *Id*.

## I.  Standards

28 U.S.C. § 1446(a) provides in pertinent part:  "A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal."

A motion to remand is the proper procedure for challenging removal.  *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).  "Removal and subject matter jurisdiction statutes are strictly construed, and a defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."  *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014)(quotation omitted).

28 U.S.C. § 1441(a) is strictly construed against removal jurisdiction, and federal jurisdiction must be rejected "if there is any doubt as to the right of removal."  *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d

1102, 1106-07 (9th Cir. 2010)(citation omitted).  "This gives
rise to a strong presumption against removal jurisdiction [which]
means that the defendant always has the burden of establishing
that removal is proper" and the court "strictly construe[s] the
removal statute against removal jurisdiction."  *Id.*

## II.  Discussion

As noted, Plaintiff moves to remand this matter to state
court on the grounds that BOLI only permitted Plaintiff the right
to sue in state court and Defendant removed the matter in an
attempt to avoid default in state court.

### A.  BOLI's Right-to-Sue Notice is not controlling.

As noted, the Right-to-Sue Notice that BOLI sent to
Plaintiff advised him that he had "the right to file a suit in
state circuit court."  BOLI, however, does not govern a
defendant's right to remove a matter to federal court.  "Removal
jurisdiction is governed by federal statute" rather than by BOLI,
and 28 U.S.C. § 1441(a) "allows suits brought in state courts to
be removed to federal court if they could have been filed in
[federal court] initially."  *See Caterpillar, Inc. v. Williams*,
482 U.S. 386, 392 (1987).  *See also Retail Prop. Trust v. United
Bhd. of Carpenters and Joiners of Am.*, 768 F.3d 938, 947 (9th
Cir. 2014).  In his initial complaint filed in state court
Plaintiff alleged claims for violation of Title VII and the NLRA,
which are federal statutes.  This Court, therefore, has original

jurisdiction over Plaintiff's state-court action pursuant to 28 U.S.C. § 1331, which provides "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Thus, Plaintiff's initial complaint could have been brought in this Court, and, therefore, removal was proper.

**B. Defendant's removal was timely.**

Plaintiff also asserts Defendant removed the matter to this Court in an effort to avoid default. As noted, Plaintiff filed and served his initial complaint in state court on January 30, 2017. Before Defendant filed a responsive pleading, Plaintiff filed and served his amended complaint on February 6, 2017. Oregon Rule of Civil Procedure 7(C)(2) provides "the defendant shall appear and defend within 30 days from the date of service [of the complaint]." Thus, Defendant either had until March 1, 2017, to file a responsive pleading to Plaintiff's initial complaint or until March 8, 2017, to file a responsive pleading to Plaintiff's amended complaint. In either case, Defendant was not in danger of default when it removed the matter to this Court on February 28, 2017.

In addition, as noted, the removal statute provides a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon

which such action or proceeding is based." On February 6, 2017, Plaintiff served his amended complaint on Defendant. Defendant removed this matter on February 28, 2017, which is less than 30 days from the date that Defendant received Plaintiff's initial complaint and from when Plaintiff served Defendant with his amended complaint. Defendant's removal of this matter, therefore, was timely as to both of Plaintiff's complaints.

Accordingly, the Court denies Plaintiff's Motion to Remand to State Court.

## DEFENDANT'S MOTION (#16) TO DISMISS

In its Motion to Dismiss Defendant asserts the Court should dismiss Plaintiff's (1) Title VII claims for failure to exhaust administrative remedies and for failure to state a claim; (2) NLRA claim for lack of jurisdiction, for being time-barred, and for failing to state a claim; (3) claims for violation of Oregon Revised Statutes §§ 243.672 and 659A.200-659A.224 because Defendant is not a public employer subject to those statutes; (4) claims for violations of Oregon Revised Statutes § 659A as time-barred; (5) claim for violation of Oregon Revised Statutes § 659A.199 for failure to state a claim; and (6) claims for violation of Washington statutes for lack of jurisdiction and for failure to state a claim.

I.    **Standards**

   A.    **Dismissal for Lack of Jurisdiction Pursuant to Rule 12(b)(1)**

        Plaintiff has the burden to establish that the court has subject-matter jurisdiction. *Robinson v. Geithner*, 359 F. App'x 726, 728 (9th cir. 2009). *See also Ass'n of Am. Med. Coll. v. United States*, 217 F.3d 770 (9th Cir. 2000).

        When deciding a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the court may consider affidavits and other evidence supporting or attacking the plaintiff's jurisdictional allegations. *Rivas v. Napolitano*, 714 F.3d 1108, 1114 n.1 (9th Cir. 2013). The court may permit discovery to determine whether it has jurisdiction. *Laub v. United States Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). When a defendant's motion to dismiss for lack of jurisdiction "is based on written materials rather than an evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss." *Mavrix Photo, Inc. v. Brand Tech., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011)(citation omitted).

   B.    **Dismissal for Failure to State a Claim Pursuant to Rule 12(b)(6)**

            To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic v. Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955

[(2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). *See also Bell Atlantic*, 550 U.S. at 555-56. The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff. *Novak v. U.S.*, 795 F.3d 1012, 1017 (9th Cir. 2015).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)(citation omitted). A court, however, "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)(citation omitted).

A *pro se* plaintiff's complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). Thus, the court must construe *pro se* filings liberally. When a

plaintiff fails to state a claim, "[l]eave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to *pro se* plaintiffs." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003)(quoting *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000)).

## II. Discussion

### A. Plaintiff's Claims under Title VII and Oregon Revised Statutes § 659A.030(f)(1)

Defendant moves to dismiss Plaintiff's claims under Title VII and Oregon Revised Statutes § 659A.030(f)(1) on the ground that Plaintiff fails to state a claim.

To state a claim for retaliation under Title VII a plaintiff must allege (1) he engaged in protected activity, (2) the defendant subjected him to an adverse employment action, and (3) "a causal link exists between the protected activity and the adverse action." *Lindsey v. Clatskanie People's Utility Dist.*, 140 F. Supp. 3d 1077, 1086 (D. Or. 2015)(quoting *Manatt v. Bank of Am., NA*, 339 F.3d 792, 800 (9th Cir. 2003)). Similarly, to establish a *prima facie* case of retaliation under § 659A.030, a plaintiff must show

> (1) he engaged in a protected activity, (2) the defendant subjected the plaintiff to an adverse employment action, and (3) a causal link exists between the protected activity and the adverse action.

*Manatt v. Bank of Am., NA,* 339 F.3d 792, 800 (9th Cir. 2003)
(quotation omitted). *See also Harris v. Pameco Corp.*, 170 Or.
App. 164, 178-79 (2000)("A plaintiff seeking to establish a *prima
facie* case of retaliation under ORS 659A.030(1)(f) must establish
the same elements as are required under Title VII."). "The . . .
analysis for retaliation under Title VII and ORS § 659A.030 is
substantially similar, and courts analyze the claims together."
*Lindsey*, 140 F. Supp. 3d at 1086.

Defendant asserts Plaintiff does not allege he engaged
in "protected activity" within the meaning of Title VII or
§ 659A.030(1)(f). The Court analyzes these claims together
because, as noted, the analysis is the same for both provisions.

"Title VII's anti-retaliation provision defines
protected activity as either (1) opposing any practice made an
unlawful employment practice by Title VII or (2) making a charge,
testifying, assisting, or participating in any manner in an
investigation, proceeding, or hearing under Title VII." *Rivera
v. East Bay Municipal Utility Dist.*, 2016 WL 374180, at *5 (N.D.
Cal. Feb. 1, 2016)(citing 42 U.S.C. § 2000e-3(a)).[3] The first
clause is known as the "opposition clause," and the second is

---

[3] Similarly, Oregon Revised Statutes § 659A.030(1)(f)
provides it is an unlawful employment practice for an employer to
"discharge . . . any other person because that other person has
opposed any unlawful practice, or because that other person has
filed a complaint, testified or assisted in any proceeding under
this chapter or has attempted to do so."

known as the "participation clause." *Crawford v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 555 U.S. 271, 274 (2009). Title VII defines unlawful employment practices as failing or refusing to hire, discharging, or "otherwise . . . discriminat[ing]" against any individual "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2.

In his Third Amended Complaint Plaintiff alleges he was retaliated against for reporting that the sweeper batteries had not been changed and that the green card reflected the sweeper batteries had been changed. Plaintiff's report relating to the sweeper batteries, however, does not involve any "practice made an unlawful employment practice by Title VII" or § 659A.030(1)(f). Moreover, Plaintiff does not allege any facts from which the Court can infer he opposed any discrimination against any individual because of the individual's race, color, religion, sex, or national origin. The Court, therefore, concludes Plaintiff has not alleged a claim under the opposition provision of Title VII or § 659A.030(1)(f). *See Phillips v. Mabus*, No. 12-00384 LEK-RLP, 2013 WL 4662960, at *13 (D. Haw. Aug. 29, 2013)("[T]he opposed conduct must fairly fall within the protection of Title VII to sustain a claim of unlawful retaliation.").

"The participation clause is broadly construed to

protect employees who utilize the tools provided by Congress to protect their rights." *Id*. The "mere fact that an employee is participating in an investigation or proceeding involving charges of some sort of discrimination, however, does not automatically trigger [the participation clause]; the underlying discrimination must be reasonably perceived as discrimination prohibited by Title VII." *Id*. In particular, "[t]he participation clause only prohibits retaliation against persons who participate in the EEOC process." *Id*., at *14 (citing *Greisen v. City of North Las Vegas*, 251 F. App'x 462, 463 (9th Cir. 2007)). The Court notes Plaintiff does not allege in his Third Amended Complaint that he participated in any investigation or proceeding that involved discrimination in violation of Title VII or § 659A.030(1)(f). The Court, therefore, concludes Plaintiff has not alleged a claim under the participation provision of Title VII or § 659A.030(1)(f).

Accordingly, the Court concludes Plaintiff has not stated a claim for retaliation in violation of Title VII or § 659A.030(f)(1). Thus, the Court grants Defendant's Motion to Dismiss Plaintiff's claims brought pursuant to Title VII and § 659A.030(f)(1).

**B.   Plaintiff's NLRA Claim**

Plaintiff alleges Defendant violated §§ 157 and 158 of the NLRA. Defendant moves to dismiss Plaintiff's claim for

violation of the NLRA on the grounds that it is time-barred and
that Plaintiff fails to state a claim.

The NLRA provides "[i]t shall be an unfair labor
practice for an employer . . . to interfere with, restrain, or
coerce employees in the exercise of the rights guaranteed in
section 157 of this title."  29 U.S.C. § 158(a)(1).  In turn,
§ 157 provides:

> Employees shall have the right to self-
> organization, to form, join, or assist labor
> organizations, to bargain collectively through
> representatives of their own choosing, and to
> engage in other concerted activities for the
> purpose of collective bargaining or other mutual
> aid or protection, and shall also have the right
> to refrain from any or all of such activities
> except to the extent that such right may be
> affected by an agreement requiring membership in a
> labor organization as a condition of employment as
> authorized in section 158(a)(3) of this title.

Section 160 of the NLRA "establishes a six-month period
for making charges of unfair labor practices to the NLRB."
*DelCostello v. Int' Bhd. of Teamsters*, 462 U.S. 151, 169
(1983)(citing 29 U.S.C. § 160).  The Supreme Court and Ninth
Circuit have held claims alleging violation of § 158 of the NLRA
are also subject to the six-month statute of limitations found in
§ 160 even when a plaintiff does not name the union as a
defendant.  *See, e.g., DelCostello*, 462 U.S. at 170; *Hernandez v.
Levy Premium Foodservice, LP*, 649 F. App'x 537, 537 (9th Cir.
2016)(The plaintiff's "claims are subject to the six-month
statute of limitations for making charges of unfair labor

17 - OPINION AND ORDER

practices to the NLRB, contained in section 10(b) of the National
Labor Relations Act, 29 U.S.C. § 160(b). This is true even
though Plaintiff chose not to name the Union as a
co-defendant.")(quotation omitted). Thus, a plaintiff must bring
a claim for violation of § 158 within six months of an unfair
labor practice.

Plaintiff alleges in his Third Amended Complaint that
the events that give rise to his NLRA claim occurred no later
than October 23, 2015. Plaintiff, however, did not file his
state-court action until July 18, 2016, which is more than six
months after the underlying events occurred. The Court,
therefore, concludes Plaintiff's NLRA claim is untimely.

Accordingly, the Court grants Defendant's Motion to
Dismiss Plaintiff's NLRA claim with prejudice.

**C.    Plaintiff's Claim for Violation of Oregon Revised
Statutes §§ 243.672 and 659A.200-659A.224**

As noted, Defendant asserts the Court should dismiss
Plaintiff's claim for violation of Oregon Revised Statutes
§§ 243.672 and 659A.200-659A.224 because Defendant is not a
public employer subject to liability under those statutes.

Oregon Revised Statutes § 243.672 provides "[i]t is an
unfair labor practice for a public employer" to do certain
enumerated things. Oregon Revised Statutes § 243.650(20) defines
"public employer" for purposes of that statute as "the State of
Oregon, and the following political subdivisions: Cities,

counties, community colleges, school districts, special districts, mass transit districts, metropolitan service districts, public service corporations or municipal corporations and public and quasi-public corporations." Oregon courts have held § 243.672 does not apply to private employment relationships. *See, e.g., Int'l Longshore and Warehouse Union, Locals 8 & 40 v. Port of Portland*, 279 Or. App. 146, 155-56 (2016)(affirming dismissal of claims for violation of § 243 against private employer).

Similarly, Oregon Revised Statutes §§ 659A.200-659A.224 designate certain enumerated actions by "any public or nonprofit employer" unlawful employment practices. Oregon Revised Statutes §§ 659A.200(6) defines "public employer" for purposes of that statute as a "state or any agency of or political subdivision in the state; [a]ny person authorized to act on behalf of the state, or any agency of or political subdivision in the state, with respect to control, management or supervision of any employee," or "[a]n employer who employs an employee [who is] . . . [e]mployed by or under contract with the state or any agency of or political subdivision in the state."

Plaintiff does not allege Defendant is a public employer. Indeed, the record reflects Defendant is a private corporation that is not an agency of or political subdivision in the state or authorized to act on behalf of the state or any

agency of or political subdivision in the state.  Defendant also
does not employs any "employee [who is]. . . [e]mployed by or
under contract with the state."

Plaintiff, therefore, has not and cannot state a claim
against Defendant for violation of Oregon Revised Statutes
§§ 243.672 and 659A.200-659A.224.  Accordingly, the Court grants
Defendant's Motion to Dismiss Plaintiff's claims for violation of
Oregon Revised Statutes §§ 243.672 and 659A.200-659A.224 with
prejudice.

### D.   Plaintiff's Claim for Violation of Oregon Revised Statutes § 659A.199

Defendant moves to dismiss Plaintiff's claim for
violation of § 659A.199 on the ground that Plaintiff fails to
state a claim.

Oregon Revised Statutes § 659A.199 provides:

> It is an unlawful employment practice for an
> employer to discharge, demote, suspend or in any
> manner discriminate or retaliate against an
> employee with regard to promotion, compensation or
> other terms, conditions or privileges of
> employment for the reason that the employee has in
> good faith reported information that the employee
> believes is evidence of a violation of a state or
> federal law, rule or regulation.

As noted, Plaintiff alleges in his Third Amended
Complaint that (1) he reported to "Jeff Bayliss (boss in
laminating)" and a lift driver that the sweeper batteries had not
been changed "although the green card sheet stated" they had been
changed; (2) he informed Gress that Plaintiff's co-worker had

stated: "Boy, your [*sic*] just looking to get hurt aren't you?";
and (3) he contacted his union representative, Bill Elzie, about
"[his] job," told Gress that three coworkers had told Plaintiff
to leave work on October 11, 2015, and advised Gress that one
coworker spit on Plaintiff's car. Plaintiff does not allege any
facts that show he reasonably believed any of these are evidence
of a violation of a state or federal law, rule, or regulation.
At most, Plaintiff alleges Defendant failed to comply with a
company policy to report accurate battery changes on the green
card and that he told his union representative about an
unpleasant interaction with coworkers. Plaintiff, therefore, has
not stated a claim for violation of § 659A.199.

Accordingly, the Court grants Defendant's Motion to
Dismiss Plaintiff's claim for violation of § 659A.199.

### E.    Plaintiff's Claims for Violation of RWC §§ 49.60.210 and 41.56.140

Plaintiff alleges Defendant violated RWC §§ 49.60.210
and 41.56.140. Defendant moves to dismiss Plaintiff's those
claims for lack of jurisdiction. Specifically, Defendant alleges
this Court lacks jurisdiction over those claims because
Plaintiff's employment relationship did not have any connection
with the State of Washington.

Oregon Revised Statutes § 15.430(6) provides Oregon law
governs "[a]ctions between an employer and an employee who is
primarily employed in Oregon that arise out of an injury that

21 - OPINION AND ORDER

occurs in Oregon."  The record reflects Plaintiff worked in
Oregon for Defendant, an Oregon corporation, and claims injuries
for actions that occurred solely in Oregon.  Moreover,
Plaintiff's attempted Washington claims are entirely duplicative
of his Oregon claims and do not rest on different or alternative
facts.

The Court, therefore, concludes Plaintiff has not
established any basis for applying Washington law to Plaintiff's
injuries.  Accordingly, the Court grants Defendant's Motion to
Dismiss Plaintiff's claims for violation of RWC §§ 49.60.210 and
41.56.140 with prejudice.

## III. Amendment

As noted, the Ninth Circuit has held "'[l]eave to amend
should be granted unless the pleading could not possibly be cured
by the allegation of other facts, and should be granted more
liberally to *pro se* plaintiffs.'"  *Johnson v. Lucent Tech., Inc.,*
653 F.3d 1000, 1011 (9th Cir. 2011)(quoting *McQuillion v.
Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004).  The Ninth
Circuit has also made clear, however, that it is within the
Court's "'discretion to deny leave to amend when amendment would
be futile.'"  *Godwin v. Christianson,* 594 F. App'x 427, 428 (9th
Cir. 2015)(quoting *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719,
725 (9th Cir. 2000)).

The Court has concluded (1) Plaintiff's claim for violation

of the NLRA is untimely, (2) Plaintiff cannot bring claims for violation of Oregon Revised Statutes §§ 243.672 and 659A.200-659A.224 against Defendant because it is not a public employer, and (3) Plaintiff has not established any basis for applying the Revised Code of Washington §§ 49.60.210 and 41.56.140. The Court, therefore, concludes amendment of these claims would be futile. Accordingly, the Court **DISMISSES** those claims **with prejudice**.

The Court also has concluded Plaintiff fails to state claims for violation of Title VII and Oregon Revised Statutes §§ 659A.030(1)(f) and 659A.199. Defendant has not established, however, that amendment of those claims would be futile. Accordingly, to the extent that Plaintiff can allege facts to support a claim for violation of Title VII, Oregon Revised Statutes § 659A.030(1)(f), and/or § 659A.199 as set out in this Opinion and Order, the Court **GRANTS** Plaintiff leave to file a Fourth Amended Complaint **no later than July 24, 2017**, only as to those claims.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Motion (#9) to Remand, **GRANTS** Defendant's Rule of Civil Procedure 12(b)(1) and 12(b)(6)Motion (#16) to Dismiss, and **DISMISSES with prejudice** Plaintiff's claims for violation of the NLRA, Plaintiff's claims

for violation of Oregon Revised Statutes §§ 243.672 and 659A.200-659A.224, and Plaintiff's claims for violation of Revised Code of Washington §§ 49.60.210 and 41.56.140. The Court **GRANTS** Plaintiff leave to file a Fourth Amended Complaint **no later than July 24, 2017**, to the extent that Plaintiff can allege facts to support a claim for violation of Title VII, Oregon Revised Statutes § 659A.030(1)(f), and/or § 659A.199 as set out in this Opinion and Order.

IT IS SO ORDERED.

DATED this 23rd day of June, 2017.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge