IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOHN FREDERICK JAMES,** | 3:17-CV-00338-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **SAPA PROFILES, INC.,** | |
| Defendant. | |

**JOHN FREDERICK JAMES**
504 S.E. 103rd Ave.
Vancouver, WA 98664

    Plaintiff, *Pro Se*

**FRANCIS T. BARNWELL**
**MEGAN J. CROWHURST**
Bullard Law
200 S.W. Market Street
Suite 1900
Portland, OR 97201
(503) 248-1134

    Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant's Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) Motion (#28) to Dismiss Plaintiff's Fourth Amended Complaint. For the reasons that follow, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's claims for violation of Title VII and Oregon Revised Statutes § 659A.030(1)(f).

## BACKGROUND

On May 4, 2015, Defendant Sapa Profiles, Inc., hired Plaintiff John Frederick James as a general laborer in the coatings department of its Portland facility.

In his Third Amended Complaint Plaintiff alleged the following facts:

(1) In July 2015 he reported to his manager and a co-worker that "the sweeper" batteries had not been changed even though the "green card sheet" stated they had been changed on June 18, 2015.

(2) In August 2015 Plaintiff provided plans to co-workers to fix the spray booth that was over-spraying, and his coworkers "wadded [them] up and [threw] them away."

(3) On October 10, 2015, a coworker told Plaintiff not to come to work the following day. When Plaintiff stated he planned to come to work the next day, his coworker

responded: "Boy, you are just looking to get hurt aren't you?"

(4) On October 10, 2015, Plaintiff telephoned the warehouse manager, Sam Gress, about his coworker's comment, but Gress did not meet with Plaintiff or return any more telephone calls from Plaintiff.

(5) On October 11, 2015, when Plaintiff arrived at work, three coworkers met him in the parking lot and told him: "I told you not to show up," "What's it take[,] a bad accident . . . or something before you realize no one wants you here," and "Don't come back."

(6) On October 23, 2015, Plaintiff received a letter from Defendant stating Plaintiff was "a voluntary quit" because he had missed three or more unreported days of work.

On July 18, 2016, Plaintiff filed a complaint with the Oregon Bureau of Labor and Industries (BOLI) alleging he was terminated for whistleblowing activities in violation of Oregon Revised Statutes § 659A.199 and that he was also subjected to a hostile work environment. Specifically, Plaintiff alleged he reported to his manager and a lift driver in July 2015 that (1) the batteries on "the sweeper" were in dangerous condition and could explode at any time; (2) the maintenance log falsely reflected the batteries for the sweeper had been replaced on

July 18, 2015; and (3) "the green card sheet" falsely reflected maintenance had replaced "the blower motor." Plaintiff also alleged he was told by his work partner on October 10, 2015, that Defendant would not need Plaintiff to report to work the following day. When Plaintiff stated he was going to come to work anyway, his work partner allegedly responded: "Man! You must want to get hurt." Plaintiff arrived for his shift on October 11, 2015, and was threatened by three of Defendant's employees "in retaliation for [his] earlier reports." Defendant, however, alleges Plaintiff was sent home because he was not scheduled to work. On October 23, 2015, Plaintiff received a letter from Defendant in which Defendant stated Plaintiff had voluntarily resigned because he had not been to work since October 11, 2015. Plaintiff did not file a complaint with the Equal Employment Opportunity Commission (EEOC) nor did BOLI cross-file Plaintiff's complaint with the EEOC.

On November 2, 2016, BOLI issued to Plaintiff a right-to-sue letter in which it advised Plaintiff that he had "the right to file a suit in state circuit court . . . within 90 days from the date of this letter. After 90 days, this right will be lost." Def.'s Mot. to Dismiss, Ex. B at 1.

On January 27, 2017, Plaintiff filed a *pro se* complaint against Defendant in Multnomah County Circuit Court alleging claims for employment discrimination in violation of Title VII,

42 U.S.C. § 2000e-3(a); the National Labor Relations Action (NLRA), 29 U.S.C. § 157; Oregon Revised Statutes §§ 243.672(1), 659A.030(1)(f), 659A.199, and 659A.200-659A.236; and the Revised Code of Washington (RCW) §§ 49.60.210 and 41.56.140. Plaintiff served Defendant with the complaint on January 30, 2017.[1]

On February 3, 2017, Plaintiff filed an amended complaint in state court against Defendant to add facts to support his claims. Plaintiff served his amended complaint on Defendants on February 6, 2017.

On February 28, 2017, Defendant removed the matter to this Court on the grounds of both federal-question and diversity jurisdiction. Defendant served Plaintiff with its Notice of Removal on February 28, 2017.

On March 3, 2017, Plaintiff filed a third amended complaint in state court. Plaintiff did not serve the third amended complaint on Defendant. Nevertheless, Defendant attached the third amended complaint to its Notice of Removal and relied on the third amended complaint as the operative complaint when it removed the matter to this Court.

On April 4, 2017, Defendant filed a Motion to Dismiss the Third Amended Complaint.

---

[1] Defendant states in its Notice of Removal that it appears from the Multnomah County Circuit Court docket that Plaintiff filed another complaint on January 29, 2017, but Plaintiff did not serve that complaint on Defendant.

5 - OPINION AND ORDER

On June 23, 2017, the Court issued an Opinion and Order in which it granted Defendant's Motion to Dismiss and dismissed with prejudice Plaintiff's claims for violation of the NLRA, violation of Oregon Revised Statutes §§ 243.672 and 659A.200-659A.224, and violation of Revised Code of Washington §§ 49.60.210 and 41.56.140. The Court granted without prejudice Defendant's Motion to Dismiss Plaintiff's claims for violation of Title VII and Oregon Revised Statutes §§ 659A.030(1)(f) and 659A.199. The Court granted Plaintiff leave to file a Fourth Amended Complaint to the extent that Plaintiff could allege facts to support a claim for violation of Title VII and Oregon Revised Statutes § 659A.030(1)(f) and/or § 659A.199 as set out in the Court's Opinion and Order.

On August 18, 2017, Plaintiff filed a Fourth Amended Complaint in which he alleges claims for retaliation in violation of Title VII and Oregon Revised Statutes § 659A.030(f)(1).

On October 17, 2017, Defendant filed a Motion to Dismiss Plaintiff's Fourth Amended Complaint.

On November 13, 2017, Defendant filed a Reply in support of its Motion to Dismiss.

On November 14, 2017, Plaintiff filed a Response to Defendant's Motion to Dismiss.

On November 20, 2017, the Court entered an Order in which it noted Plaintiff's Response was filed after Defendant's Reply and,

therefore, permitted Defendant to file a Sur-Reply to Plaintiff's Response not later than December 4, 2017.

On November 20, 2017, Plaintiff filed an Amended Response to Defendant's Motion to Dismiss in which he noted he "realize[d] mistakes previously made by listing the incorrect Oregon Revised Statute in the case, when plaintiff should have listed 2015 ORS 659A.233." Am. Resp. at 7. Defendant did not file a Sur-Reply.

The Court took this matter under advisement on December 4, 2017.

## STANDARDS

### I. Dismissal for Lack of Jurisdiction Pursuant to Rule 12(b)(1)

Plaintiff has the burden to establish that the court has subject-matter jurisdiction. *Robinson v. Geithner*, 359 F. App'x 726, 728 (9th cir. 2009). *See also Ass'n of Am. Med. Coll. v. United States*, 217 F.3d 770 (9th Cir. 2000).

When deciding a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the court may consider affidavits and other evidence supporting or attacking the plaintiff's jurisdictional allegations. *Rivas v. Napolitano*, 714 F.3d 1108, 1114 n.1 (9th Cir. 2013). The court may also permit discovery to determine whether it has jurisdiction. *Laub v. United States Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). When a defendant's motion to dismiss for lack of

jurisdiction "is based on written materials rather than an evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss." *Mavrix Photo, Inc. v. Brand Tech., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011)(citation omitted).

## II. Dismissal for Failure to State a Claim Pursuant to Rule 12(b)(6)

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic v. Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955 [(2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). *See also Bell Atlantic*, 550 U.S. at 555-56. The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff. *Novak v. U.S.*, 795 F.3d 1012, 1017 (9th Cir. 2015).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir.

2012)(citation omitted). A court, however, "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)(citation omitted).

A *pro se* plaintiff's complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). Thus, the court must construe *pro se* filings liberally. When a plaintiff fails to state a claim, "[l]eave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to *pro se* plaintiffs." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003)(quoting *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000)).

## DISCUSSION

In its Motion to Dismiss Defendant asserts the Court should dismiss with prejudice Plaintiff's Title VII and Oregon Revised Statutes § 659A.030 claims for failure to state a claim and for failure to exhaust administrative remedies. Defendant also notes to "the extent this Court determines that Plaintiff has sufficiently pled an ORS 659A.199 claim. . . Defendant will promptly file an Answer pleading."

## I. Plaintiff's Claims under Title VII and Oregon Revised Statutes § 659A.030(f)(1)

As noted, Defendant moves to dismiss Plaintiff's claims under Title VII and Oregon Revised Statutes § 659A.030(f)(1) on the ground that Plaintiff fails to state a claim.

To state a claim for retaliation under Title VII a plaintiff must allege (1) he engaged in protected activity, (2) the defendant subjected him to an adverse employment action, and (3) "a causal link exists between the protected activity and the adverse action." *Lindsey v. Clatskanie People's Utility Dist.*, 140 F. Supp. 3d 1077, 1086 (D. Or. 2015)(quoting *Manatt v. Bank of Am., NA*, 339 F.3d 792, 800 (9th Cir. 2003)). Similarly, to establish a *prima facie* case of retaliation under § 659A.030 a plaintiff must show

> (1) he engaged in a protected activity, (2) the defendant subjected the plaintiff to an adverse employment action, and (3) a causal link exists between the protected activity and the adverse action.

*Manatt v. Bank of Am., NA,* 339 F.3d 792, 800 (9th Cir. 2003) (quotation omitted). *See also Harris v. Pameco Corp.*, 170 Or. App. 164, 178-79 (2000)("A plaintiff seeking to establish a *prima facie* case of retaliation under ORS 659A.030(1)(f) must establish the same elements as are required under Title VII."). "The . . . analysis for retaliation under Title VII and ORS § 659A.030 is substantially similar, and courts analyze the claims together."

*Lindsey*, 140 F. Supp. 3d at 1086.

As the Court advised Plaintiff in its June 23, 2017, Opinion and Order, "Title VII's anti-retaliation provision defines protected activity as either (1) opposing any practice made an unlawful employment practice by Title VII or (2) making a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Title VII." *Rivera v. East Bay Municipal Utility Dist.*, No: C 15-00380 SBA, 2016 WL 374180, at *5 (N.D. Cal. Feb. 1, 2016)(citing 42 U.S.C. § 2000e-3(a)).[2] The first clause is known as the "opposition clause," and the second is known as the "participation clause." *Crawford v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 555 U.S. 271, 274 (2009). Title VII defines unlawful employment practices as failing or refusing to hire, discharging, or "otherwise . . . discriminat[ing]" against any individual "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2.

In his Third Amended Complaint Plaintiff alleged he was retaliated against for reporting that the sweeper batteries had not been changed and that the green card reflected the sweeper

---

[2] Similarly, Oregon Revised Statutes § 659A.030(1)(f) provides it is an unlawful employment practice for an employer to "discharge . . . any other person because that other person has opposed any unlawful practice, or because that other person has filed a complaint, testified or assisted in any proceeding under this chapter or has attempted to do so."

11 - OPINION AND ORDER

batteries had been changed. The Court advised Plaintiff in its June 23, 2017, Opinion and Order that Plaintiff's report relating to the sweeper batteries does not involve any "practice made an unlawful employment practice by Title VII" or § 659A.030(1)(f). Moreover, Plaintiff did not allege any facts from which the Court could infer he had opposed any specific discriminatory conduct against any individual because of the individual's race, color, religion, sex, or national origin. The Court, therefore, concluded Plaintiff had not alleged a claim under the "opposition clause" of Title VII or § 659A.030(1)(f). *See Phillips v. Mabus*, No. 12-00384 LEK- RLP, 2013 WL 4662960, at *13 (D. Haw. Aug. 29, 2013)("[T]he opposed conduct must fairly fall within the protection of Title VII to sustain a claim of unlawful retaliation.").

In addition, as the Court advised Plaintiff in its June 23, 2017, Opinion and Order, "[t]he participation clause is broadly construed to protect employees who utilize the tools provided by Congress to protect their rights." *Id*. The "mere fact that an employee is participating in an investigation or proceeding involving charges of some sort of discrimination, however, does not automatically trigger [the participation clause]; the underlying discrimination must be reasonably perceived as discrimination prohibited by Title VII." *Id*. In particular, "[t]he participation clause only prohibits retaliation against

persons who participate in the EEOC process." *Id*., at *14 (citing *Greisen v. City of North Las Vegas*, 251 F. App'x 462, 463 (9th Cir. 2007)). The Court noted Plaintiff did not allege in his Third Amended Complaint that he participated in any investigation or proceeding that involved discrimination in violation of Title VII or § 659A.030(1)(f). The Court, therefore, concluded Plaintiff had not alleged a claim under the participation provision of Title VII or § 659A.030(1)(f).

Plaintiff again does not allege any facts in his Fourth Amended Complaint from which the Court could infer he had opposed any specific discriminatory conduct against any individual because of the individual's race, color, religion, sex, or national origin nor that he participated in any investigation or proceeding that involved discrimination in violation of Title VII or § 659A.030(1)(f). The Court, therefore, concludes Plaintiff has not stated a claim for retaliation in violation of Title VII or § 659A.030(f)(1).

The Court has already provided Plaintiff with numerous opportunities to amend his Complaint to state claims for violation of Title VII and § 659A.030, and Plaintiff has failed to do so. Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's claims brought pursuant to Title VII and § 659A.030(f)(1) and dismisses those claims with prejudice.

## II. Plaintiff's Whistleblower Claim

As noted, Plaintiff states in his Amended Response to Defendant's Motion to Dismiss that he intended to assert claims for violation of § 659A.233 and § 659A.199 based on the facts alleged in his Fourth Amended Complaint.

### A. Plaintiff's Claim for Violation of § 659A.233

Oregon Revised Statutes § 659A.233 provides:

> It is an unlawful employment practice for an employer to discharge . . . an employee. . . for the reason that the employee has in good faith reported possible violations of ORS chapter 441 or of ORS 443.400 to 443.455 or has testified in good faith at an unemployment compensation hearing or other hearing conducted pursuant to ORS chapter 657.

Oregon Revised Statutes Chapter 441 relates to licensing and supervision of health-care facilities. Oregon Revised Statutes §§ 443.400-443.455 relate to licensing and supervision of residential-care facilities, adult foster homes, and hospice programs. Plaintiff does not allege any facts in his Fourth Amended Complaint relating to health-care facilities, residential-care facilities, adult foster homes, or hospice programs. Thus, Plaintiff does not allege he reported any possible violation of any part of Chapters 441 or 443. The Court, therefore, concludes Plaintiff has not stated a claim for violation of § 659A.233.

### B. Plaintiff's Claim for Violation of Oregon Revised Statutes § 659A.199

In his Fourth Amended Complaint Plaintiff does not explicitly allege he is bringing a claim for violation of §659A.199. Nevertheless, the Supreme Court has made clear that a *pro se* plaintiff's complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. Thus, the Court must construe *pro se* filings liberally.

Oregon Revised Statutes § 659A.199 provides:

> It is an unlawful employment practice for an employer to discharge. . . or retaliate against an employee . . . for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation.

Plaintiff alleges in his Third Amended Complaint that (1) he reported to "Jeff Bayliss (boss in laminating)" and a lift driver that the sweeper batteries had not been changed "although the green card sheet stated" they had been changed. In his Fourth Amended Complaint Plaintiff expands on that allegation and alleges he "engaged in whistleblowing by attempting to report other employees['] unlawful acts of theft of the industrial sweeper batteries and the $1.5 million theft of the blower motor that the sub-contractor was supposed to repair or replace and never did." Pl.'s Fourth Am. Compl. at 12. The Court construes Plaintiff's Fourth Amended Complaint liberally as required

15 - OPINION AND ORDER

together with the alleged supporting facts and concludes they are sufficient to state a claim for violation of § 659A.199.

Accordingly, this matter will proceed only as to Plaintiff's claim for violation of § 659A.199.

**CONCLUSION**

For these reasons, the Court **GRANTS** Defendant's Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) Motion (#28) to Dismiss and **DISMISSES with prejudice** Plaintiff's claims for violation of Title VII and Oregon Revised Statutes § 659A.030(1)(f). Accordingly, this matter will proceed only as to Plaintiff's claim for violation of § 659A.199 as set out in this Opinion and Order.

The Court **DIRECTS** Defendant to file **no later than February 14, 2018,** an Answer addressing Plaintiff's claim for violation of § 659A.199. The Court **DIRECTS** the parties to confer and to submit **no later than February 28, 2018,** a jointly proposed case-management plan which the Court will then review.

IT IS SO ORDERED.

DATED this 30th day of January, 2018.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge